UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**MIREILLE TORJMAN,**                   )
                                        )
        **Plaintiff,** )
                                        )
   **v.**                        )   Civil Action No. 11-1060 (ESH)
                                        )
**AMY GUTMANN,** *et al.***,**          )
                                        )
        **Defendants.** )
_____)


**MEMORANDUM OPINION**

Plaintiff Mireille Torjman has filed a complaint against Amy Gutmann, Carol Corillon, Harvey Fineberg, Diane E. Griffin, and Cass Sunstein. According to the complaint, plaintiff "brings this action for the submission of public comments pertaining to a current investigation requested by President Obama regarding Electronic Warfare and torture on civilians." (Compl. ¶ 1.) Plaintiff alleges that she "has been impeded for 5 years in numerous ways consciously and 3 unconsciously, by the public and the uses of Synthetic Telepathy Remot Viewing Pscyhotronics Weapon of Mass Destruction." (*Id*. ¶ 2.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition,"'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (quoting *Athens Cmty. Hosp., Inc.*

*v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982)). Indeed, a federal court must raise the issue because it is "forbidden - as a court of limited jurisdiction - from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id*. (quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003)). A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), *quoted in Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Id.* (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous"); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972), *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: June 9, 2011